The People of the State of New York, Respondent, 
against
Joseph Fuscaldo, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered February 1, 2013. The judgment convicted defendant, after a nonjury trial, of petit larceny.




ORDERED that the judgment of conviction is reversed, on the facts, and the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument with petit larceny (Penal Law § 155.25) and endangering the welfare of a child (Penal Law § 260.10 [1]). Following a nonjury trial, he was convicted of petit larceny. 
At trial, the People presented no eyewitness testimony, but rather relied primarily on video surveillance footage from a nearby convenience store to show that defendant had stolen the complainant's wallet while she had been pumping gas for her car. The complainant testified that, after she had finished pumping the gas, her then five-year-old daughter, who was in the back seat, told her that a man had opened the car door.[FN1]
The complainant noticed that the door was ajar and that her wallet was missing from the front passenger seat. Defendant approached the complainant and told her that he had seen a Hispanic man steal her wallet and then leave in a yellow taxi. When defendant went inside the convenience store to ask for the video footage, the clerk located the footage and showed it to defendant. Defendant left the store and returned with two officers, who asked to view the video. While defendant viewed the video with the officers, he identified himself as the person depicted therein who was slouching while walking. Based on the video, defendant was arrested and ultimately convicted of petit larceny.

In fulfilling our responsibility to conduct an independent review of the facts, we find that defendant's conviction was against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). The critical evidence proffered by the People to establish defendant's guilt was the surveillance video. Upon our independent review, we find that the identity of the perpetrator is indiscernible from the video. Although the video shows someone approaching the complainant's car and appearing to open the [*2]door, the video is unclear as to the identity of that person. While defendant identified himself on the video, he did not identify himself as the person approaching the car, and nothing in the video unambiguously shows him opening the car door and removing the victim's wallet. Other than the surveillance video, the People presented no eyewitness testimony or physical evidence linking defendant to the crime.

Casting further doubt on the reliability of the video as proof of defendant's guilt was the trial judge's own prior assessment of the video at the suppression hearing. Although the trial judge convicted defendant based on the video, the same judge had previously expressed doubts over the perpetrator's identity in the video at the suppression hearing. Since the proof of defendant's guilt rested almost exclusively on the video, which was, at best, unclear, we conclude that the guilty verdict was against the weight of the credible evidence.

Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.

Pesce, P.J., Weston and Solomon, JJ., concur.

Decision Date: April 07, 2016



Footnotes

Footnote 1:Although the complainant's daughter had pointed out the man who opened the door, it is unclear from the testimony to whom she was referring.